951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HEEREMA MARINE CONTRACTORS, Plaintiff-Appellee,
v.
PERSONS AND VESSELS 1 THROUGH 10,000, Defendant,
and
Greenpeace; William Snelling, Defendants-Appellants.
HEEREMA MARINE CONTRACTORS, Plaintiff-Appellee,
v.
PERSONS AND VESSELS 1 THROUGH 10,000, Defendant,
and
Get Oil Out (GOO); Carole Ann Cole, Defendants-Appellants,
 Nos. 91-55008, 91-55011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 16, 1991.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendants Greenpeace U.S.A., Inc., William Snelling, Get Oil Out, and Carole Ann Cole (hereinafter collectively "Greenpeace") appeal the district court's denial of their motion for sanctions and attorneys' fees. They contend that Plaintiff Heerema Marine Contractors, S.A. acted frivolously in seeking injunctive relief against Greenpeace demonstrators. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review all aspects of a district court's Rule 11 determination for an abuse of discretion. Cooter & Gell v. Hartmax Corporation, --- U.S. ----, 110 S.Ct. 2447, 2461 (1990); Townsend v. Holman Consulting Corporation, 914 F.2d 1136, 1143 (9th Cir.1990). Awards of attorneys' fees are also reviewed for an abuse of discretion. Lange v. Pennsylvania Mutual, 843 F.2d 1175, 1184 (9th Cir.1988).
 
 
 4
 Abuse of discretion exists only when the district court has "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell, 110 S.Ct. at 2461. After carefully reviewing the record and the briefs submitted by the parties to this action, we conclude that the district court did not abuse its discretion in denying the motion for sanctions and attorneys' fees.
 
 
 5
 In light of all of the circumstances, the district court could find that the complaint was not without support in law or fact, within the meaning of Rule 11. As for attorney's fees, even if we assume, without deciding, that California law applies by way of OCSLA, there is an insufficient showing that the outcome of the litigation conferred a significant benefit on the general public or a large class of persons. See Calif.C.Civ.P. § 1021.5.
 
 
 6
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3